## HUNGERFORD v. SYRACUSE, B. & N. Y. R. Co.

*(Supreme Court, General Term, Fourth Department.   November, 1888.)*

RAILROAD COMPANIES—LIABILITY FOR STOCK INJURED.

In an action to recover damages from the defendant railroad company for horses killed upon its track, the defendant conceded that if the horses had gone upon the track through a burned opening in the fence it would be liable, but claimed that they had entered upon the track through a bar-way.   *Held* that, the jury having found that the horses had gone upon the track through the burned opening, and there being evidence to sustain such finding, a verdict for plaintiff would not be disturbed.

Action by Henry Hungerford against the Syracuse, Binghamton & New York Railroad Company, to recover for the killing of four horses which escaped from plaintiff's barn-yard onto the defendant's track.   The defendant claimed that the horses had entered upon the track through a bar-way at a farm crossing.   Judgment was given for plaintiff, and defendant appeals.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*Louis Marshall*, for appellant.   *William Kennedy*, for respondent.

MARTIN, J.   When this case was before this court on a former appeal, (46 Hun, 339,) the evidence relating to the question then considered was essentially unlike that given on the last trial.   On the former trial there was no evidence that the bar-way had been open for any length of time before the time of the

accident, while on the last trial there was proof that the bars had been down for at least three months before. As the evidence stood upon the last trial, we do not think the court would have been justified in directing the jury to find a verdict for the defendant, if they found that the horses entered upon the track through the bar-way. But it was conceded by the defendant that if the plaintiff's horses entered upon the defendant's track through the burned opening in its fence, plaintiff was entitled to recover in this case. On the last trial that specific question was submitted to the jury, and they found that the horses entered upon the track through the burned opening in the defendant's fence. That question was fairly submitted to the jury upon sufficient evidence to sustain their finding, and the verdict should, we think, be upheld. The jury having found that the horses did not enter upon the track where the defendant claimed they did, it becomes unnecessary to consider what the defendant's liability might have been if the jury had found otherwise. We have examined the defendant's exceptions to the rulings and charge of the court, but have found none that would justify a reversal of the judgment, or that require special discussion. Judgment and order affirmed, with costs.